**FILED**

**JANUARY 22, 2008**
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

**08 C 494**

### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| ARASELY OSORIO | ) | |
| | ) | **JUDGE CASTILLO** |
| Plaintiff, | ) | **MAGISTRATE JUDGE MASON** |
| | ) | |
| v. | ) | No. |
| | ) | |
| VILLAGE OF ROMEOVILLE, | ) | JUDGE |
| ROMEOVILLE POLICE OFFICERS, G. | ) | |
| AUGUSTINE, Star # 352, PAUL TUUK, | ) | |
| Star # 358, DAVE RENCH, Star # 361, and | ) | |
| A. ESCOBEDO, Star # 340, | ) | |
| | ) | |
| Defendants. | ) | **J. N.** JURY DEMANDED |

### COMPLAINT

NOW COMES the plaintiff, ARASELY OSORIO through her attorneys,

Christopher R. Smith and Jared S. Kosoglad, A LAW OFFICE OF CHRISTOPHER R.

SMITH, and complaining of the defendants VILLAGE OF ROMEOVILLE, and

VILLAGE OF ROMEOVILLE POLICE OFFICERS, G. AUGUSTINE, Star # 352,

PAUL TUUK, Star # 358, DAVE RENCH, Star # 361, and A. ESCOBEDO Star # 340,

states as follows:

### INTRODUCTION

1.    This is a civil action seeking damages against defendants for committing acts

under color of law, and depriving plaintiffs of rights secured by the Constitution and laws

of the United States.

### JURISDICTION

2.    The jurisdiction of this Court is invoked pursuant to the Civil Rights Act,

42 U.S.C., § 1983; the judicial code 28 U.S.C., § 1331, 1343 (a), 1367;  and the

Constitution of the United States.

## PARTIES

3.      Plaintiff is a citizen of the United States of America, who currently resides in Chicago, Illinois.

4.      Defendants G. AUGUSTINE, Star # 352, PAUL TUUK, Star # 358, DAVE RENCH, Star # 361, and A. ESCOBEDO Star # 340, were, at the time of this occurrence, duly licensed Police Officers employed by the Romeoville Police Department and the Village of Romeoville.  They engaged in the conduct complained of while on duty in the course and scope of their employment and under color of law.  They are sued in their individual capacities.

5.      Defendant Village of Romeoville, ("Romeoville") is a municipal corporation duly incorporated under the laws of the State of Illinois, and is the employer and principal of the police officer defendants.

## FACTS

6.      On or about January 28, 2006, at approximately 4:00 p.m., in Romeoville, Will County, Illinois, Arasely Osorio, was inside a home she was visiting.

7.      Romeoville Police Officers, including the defendants named herein, entered the home without any lawful basis.

8.      Officer Augustine pushed Arasely towards a wall in the living room.

9.      Officer Augustine pulled Arasely by her hair and hit Arasely.

10.      Officer Augustine grabbed Arasely by the throat and held her over a couch in the living room.

12.      Arasely was charged with felony aggravated battery and remained in custody for three days.

2

13.     Defendant police officers conspired and agreed amongst themselves to brutally beat Arasely, to hide evidence of the beating, and to falsely charge her with crimes that they knew Arasely did not commit.  In furtherance of this conspiracy, defendant officers filled out and filed false and incomplete police reports relative to plaintiff's arrest and injuries.

14**.**     As a direct and proximate result of the malicious actions of the coconspirators, Arasely was injured, including but not limited to physical injuries, the loss of her freedom, damage to her reputation, humiliation, pain, suffering, the deprivation of her constitutional rights and her dignity, lost time, wages, attorney's fees, and extreme emotional distress.

### Count I

### 42 U.S.C. Section 1983 — Excessive Force

1-14.     Plaintiff realleges paragraphs 1 through 14 above, as if fully set forth here.

15.     The actions of defendant Augustine, detailed above, constitute unreasonable, unjustifiable, and excessive force against plaintiff, thus violating plaintiff's rights under the Fourth Amendment to the United States Constitution, and 42 U.S.C., Section 1983.

16.     As a proximate result of the above-detailed actions of defendant Augustine, plaintiff was injured, including severe physical injuries, pain, mental suffering, anguish and humiliation, and medical expenses.

WHEREFORE, pursuant to 42 U.S.C. Section 1983, Plaintiff demands judgment against defendant Augustine, for compensatory damages in an amount in excess of FIVE HUNDRED THOUSAND DOLLARS ($500,000.00), and because defendant Augustine

acted maliciously, wantonly, or oppressively, punitive damages in an amount in excess of

FIVE HUNDRED THOUSAND DOLLARS ($500,000.00), plus the costs of this action

and attorney's fees, and such other and additional relief as this court deems equitable and

just.

## Count II

### 42 U.S.C. Section 1983 – False Imprisonment

1-14.    Plaintiff realleges paragraphs 1 through 14 above, as if fully set forth here.

15.    The actions of the individual defendants, described above, whereby

defendants knowingly arrested and imprisoned plaintiff without probably cause or any

other justification, constituted deliberate indifference to plaintiff's rights under the U.S.

Constitution, thus violating the Fourteenth and Eighth Amendments to the United States

Constitution.

16.    As a direct and proximate result of these Constitutional violations, plaintiff

was caused to suffer great pain, anguish, despair, disfigurement, and severe physical

injuries.

WHEREFORE, pursuant to 42 U.S.C. § 1983, Plaintiff demands judgment against

the individual defendants, jointly and severally, for compensatory damages against

defendants officers in an amount in excess of FIVE HUNDRED THOUSAND DOLLARS

($500,000.00), and because these defendants acted maliciously, wantonly, or oppressively,

punitive damages in an amount in excess of FIVE HUNDRED THOUSAND DOLLARS

($500,000.00), plus the costs of this action and attorney's fees, and such other and

additional relief as this court deems equitable and just.

## Count III

### 745 ILCS 10/9-102: Indemnification

1-14.    Plaintiff realleges paragraphs 1 through 14 above, as if fully set forth here.

15.    Defendant Village of Romeoville is the employer of Officer Defendants.

16.    Defendants committed the acts alleged above under color of law and in the scope of their employment as employees of the Village of Romeoville.

WHEREFORE, should the Officer Defendants be found liable on one or more of the claims set forth above, Plaintiff demands that, pursuant to 745 ILCS 10/9-102, the Defendant Village of Romeoville be found liable for any judgment plaintiff obtains against said defendants, as well as attorneys fees and costs awarded.

## Count IV

### Respondeat Superior

1-14.    Plaintiff realleges paragraphs 1 through 14 above, as if fully set forth here.

15.    In committing the acts alleged in the preceding paragraphs, the Defendant Officers were members and agents of the Village of Remeoville Police Department acting at all relevant times within the scope of their employment.

16.    Defendant Village of Romeoville is liable as principal for all torts committed by its agents.

WHEREFORE, should the Officer Defendants be found liable on one or more of the claims set forth above, Plaintiff demands that, pursuant respondeat superior, the Defendant Village of Romeoville be found liable for any judgment plaintiff obtains against said defendants, as well as attorneys fees and costs awarded.

## Count V

### Malicious Prosecution — State Claim Against Village of Romeoville and Officers

1-14.   Plaintiff realleges paragraphs 1 through 14 above, as if fully set forth here.

15.   By the actions detailed above, and by participating in the above-described conspiracy, the individual defendants knowingly sought to and did in fact maliciously prosecute Arasely Osorio on false charges for which they knew there was no probable cause.

16.   The Village of Romeoville is sued in this Count pursuant to the doctrine of respondeat superior, in that defendant officers performed the actions complained of while on duty and in the employ of defendant Village of Romeoville, and while acting within the scope of this employment.

17.   As a direct and proximate result of the malicious prosecution, Arasely Osorio was damaged, including the value of her lost liberty, lost work, exposure to public scandal and disgrace, damage to his reputation, mental and emotional suffering, humiliation and anguish.

WHEREFORE, plaintiff Arasely demands judgment against the Village of Romeoville and the individual defendants, jointly and severally, for compensatory damages in an amount in excess of FIVE HUNDRED THOUSAND DOLLARS ($500,000), and further demands judgment against the individual defendants, jointly and severally, for punitive damages in an amount in excess of FIVE HUNDRED THOUSAND DOLLARS ($500,000), and further demand attorney's fees and the costs of this action, and for such other relief as this Court deems just, proper, and equitable.

## Count VI

## Intentional Infliction of Emotional Distress Against Village of Romeoville and

## Officers

1-14.    Plaintiff realleges paragraphs 1 through 14 above, as if fully set forth here.

15.    The above-detailed conduct by the defendants was extreme and outrageous, exceeding all bounds of human decency.

16.    Defendants performed the acts detailed above with the intent of inflicting severe emotional distress on the plaintiff or with knowledge of the high probability that the conduct would cause such distress.

17.    As a direct and proximate result of this conduct, plaintiff did in fact suffer severe emotional distress, resulting in injury to her mind, body, and nervous system, including loss of sleep, mental anguish, nightmares, anxiety attacks, and flashbacks.

18.    The Village of Romeoville is sued in this Count pursuant to the doctrine of respondeat superior, in that defendant officers performed the actions complained of while on duty and in the employ of defendant Village of Romeoville, and while acting within the scope of this employment.

WHEREFORE, plaintiff Arasely Osorio seeks judgment against the Village of Romeoville and the individual defendants, jointly and severally, for compensatory damages in an amount in excess of FIVE HUNDRED THOUSAND DOLLARS ($500,000), and further demand judgment against the individual defendants, jointly and severally, for punitive damages in an amount in excess of FIVE HUNDRED THOUSAND DOLLARS ($500,000), and further demand attorney's fees and the costs of this action, and for such other relief as this Court deems just, proper, and equitable.

Respectfully submitted,

Arasely Osorio

_____s/ Jared S. Kosoglad_____

By:     One of her attorneys

PLAINTIFF DEMANDS TRIAL BY JURY.

Christopher R. Smith
Jared S. Kosoglad
A LAW OFFICE OF CHRISTOPHER R. SMITH
119 North Peoria, Suite 3A
Chicago, Illinois 60607
312-432-0400